IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICH STOCKWELL, GARY STOCKWELL, RON DEYOUNG, and STEVE CIECIERSKI, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 07 C 5868 |
| v. | ) ) | Judge Robert W. Gettleman |
| THE CITY OF HARVEY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In their complaint, plaintiffs, Rich Stockwell, Gary Stockwell, Ron DeYoung, and Steve Ciecierski, allege that the City of Harvey, Defendant, violated their rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and participated in "reverse discrimination" by filling the vacant positions of Deputy Chief and Assistant Chief with African-American firefighters who were less qualified. Defendant has filed a motion for summary judgment. For the reasons stated herein, the defendant's motion is granted.

## FACTS

In November 2005, Chief Jason Bell and Mayor Kellogg decided to hire a deputy chief and three assistant chiefs for the Harvey Fire Department. On November 17, 2005, a sign-up sheet was posted for persons interested in these positions. Eight people signed up to be interviewed for the deputy chief position including plaintiffs Ciecierski, G. Stockwell and R. Stockwell. Nine people signed up to be interviewed for the assistant chief position including all four plaintiffs. Interviews were conducted on January 12, 2006.

Prior to the initiation of the interview process, Chief Bell offered one of the chief positions to Captain Steve Gorman, who is white, but he declined the position. A chief position

was also offered to William Canavan, also white, who declined to accept. Chief Bell offered a position to Captain Richard Climpson, who is white but, due to health reasons, also declined.

The position of deputy chief went to Willie Buie, who is African American. The three assistant chief positions went to Jeff Cook, who is white, William Tyler, who is African American, and Phil Patterson, who is African American. Mr. Cook had never signed up or was formally interviewed.

Of the nine people who signed up for interviews, three were African-American and six were white (one of the white applicants applied only for the assistant chief position). All three African-American applicants were selected and defendant filled one of the deputy chief positions with a white firefighter who had neither applied nor been formally interviewed. Plaintiffs are the four white firefighters who applied for assistant chief and deputy chief positions but were not hired.

## DISCUSSION

*Summary Judgment Standard*

A movant is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assoc., Inc.,* 914 F.2d 107, 110 (7th Cir. 1990). In determining whether there is a genuine issue of fact, the court should view the evidence and draw all reasonable inferences in favor of the party opposing the motion.

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). This standard is applied with added rigor in employment discrimination cases, where intent and credibility often dominate. *See Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1038 (7th Cir. 1993). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson,* 477 U.S. at 252.

*Title VII Discrimination Standard*

Title VII forbids actions taken on the basis of an individual's sex, race, or national origin if those actions discriminate against the individual with respect to his "compensation, terms, conditions, or privileges of employment." 42 U.S.C. 2000e-2(a)(1). A plaintiff may attempt to prove his claim one of two ways: he may either present direct evidence of discrimination or follow the burden shifting method set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Collier v. Budd Co*., 66 F.3d 886 (7th Cir. 1995). The *McDonnell Douglas* method is a substitute for proving discrimination by direct evidence because employers do not normally explicitly state their intention to discriminate. *Id.* at 890. This case proceeds under the *McDonnell Douglas* burden-shifting framework.

Under the *McDonnell Douglas* framework, a plaintiff must first demonstrate a prima facie case of discrimination by a preponderance of the evidence. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 505 (1993). To establish a prima facie case of racial discrimination, the plaintiff must show: (1) that he belongs to the protected class; (2) that he was qualified for the

3

job; (3) despite his qualifications, he was rejected; and (4) other similarly situated individuals not in the class were treated more favorably. *McDonnell Douglas*, 411 U.S. at 802; *Collier*, 66 F.3d at 889. In failure to promote cases, elements 2 and 4 have been described as, 2) plaintiff applied for and was qualified for the position, and 4) a similarly or lesser qualified person was promoted. *Pafford v. Herman*, 148 F.3d 658, 669 (7th Cir. 1998). Obviously, however, the position sought must be a "promotion" such that a rejection amounts to an adverse employment action. *See Ribando v. United Airlines, Inc.*, 200 F.3d 507, 510 (7th Cir. 1999) (adverse action must be more than an alteration of job responsibilities).

If the plaintiff successfully demonstrates a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. An employer that has proffered a legitimate, non-discriminatory reason for the discharge is entitled to summary judgment unless the plaintiff presents evidence that the proffered reasons are pretexts for discrimination. *Collier*, 66 F.3d at 889; *See Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1122 (7th Cir. 1994). At all times, the plaintiff bears the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against him. *See Hughes v. Brown*, 20 F.3d 745, 747 (7th Cir. 1994).

In dispute is whether plaintiffs meet the first and fourth elements of the prima facie case. Defendants claim that plaintiffs cannot establish the first element of a prima facie case of reverse discrimination because no background circumstances exist to support an inference that defendant discriminated against the majority. To establish this first element, a white plaintiff must establish "background ccircumstances sufficient to demonstrate that the particular employer has reason or inclination to discriminate invidiously against whites or evidence that there is

something fishy about the facts at hand." *Hague v. Thompson Distrib. Co.,* 436 F.3d 816, 822 (7th Cir. 2006).

Plaintiffs argue that this element is shown by the "minority only" hiring practices of the City of Harvey that followed the election of Eric Kellogg in 2003. Plaintiffs argue that all but one of the thirty-two persons Harvey hired for its police department since 2003 are African-American or Hispanic. Plaintiffs further contend that this favoritism to minority applicants was not reflected in the balanced hiring practices from 2000-2002: 11 of the 21 police officers hired in that period were white, 3 were Hispanic, and 7 were African-American. This is not necessarily compelling evidence to support an inference that defendant discriminated against the majority because it regards the police department, not the fire department.

With regard to the fourth element, defendant contends that when filling the deputy chief and assistant chief positions, Chief Bell asked four white men in the Harvey Fire Department to fill these positions, one of which accepted an assistant chief position. Promotion of one member of the disputed class does not necessarily defeat the prima facie case. The prima facie case is a flexible standard that is not intended to be applied rigidly. *Collier*, 66 F.3d at 890 (stating that the plaintiff satisfied a prima facie case of age discrimination action even when the defendant company retained the oldest worker). The exact content of the fourth prong may vary from case to case to take differing circumstances into account. *Id.*

Although the promotion of one white firefighter may not automatically defeat the suggestion that the defendant treated non-whites more favorably, the instant case provides compelling evidence that this was not a case of reverse discrimination against the majority class. *See Warnsley v. Potter*, No. 1:06 CV 325, 2008 U.S. Dist. LEXIS 92444 (Nov. 13, 2008) (granting summary judgment when a woman, along with two males, were all treated favorably,

which suggested that there was not in fact favorable treatment of males); *Jordan v. City of Gary*, 396 F.3d 825 (7th Cir. 2005) (concluding that a promotion to a member of the same protected class failed to establish the fourth element of a prima face case). Here, prior to making its final decision on promotion, defendant had offered the position to four different white males. Plaintiffs have offered no evidence that could demonstrate that these were illegitimate offers, offers that defendant knew would not be accepted, or improper motivation. The uncontested facts, therefore, establish that defendant did not use discriminatory bias when filling the positions.

Consequently, without that bias, the court concludes that plaintiffs have failed to establish the fourth prong of a prima facie case of discrimination: that defendant treated similarly situated non-white individuals more favorably than whites.

## CONCLUSION

For the above stated reasons, the court finds that plaintiffs have not met their burden of proving a prima facie case. Accordingly, the court grants defendant's motion for summary judgment. Plaintiffs' motion to strike designated contentions in defendant's Rule 56.1 statement is denied as moot.


**ENTER:      April 23, 2009**

_____
**Robert W. Gettleman
United States District Judge**